UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE A. WHITING,

    Plaintiff,

v.                                         Case No. 1:19-cv-559

COMMISSIONER OF SOCIAL         Hon. JANET T. NEFF
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed an application for disability insurance benefits (DIB). On May 9, 2019, an Administrative Law Judge (ALJ) found that plaintiff has not been under a disability from July 16, 2016 (the alleged disability onset date) through May 9, 2019 (the date of the decision). *See* ALJ Decision (ECF No. 6-2, PageID.31-43). On July 11, 2019, plaintiff filed a *pro se* complaint in this Court pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision the Commissioner of the Social Security Administration (Commissioner). *See* Compl. (ECF No. 1). This matter is now before the Court on defendant's motion to dismiss (ECF No. 6). Defendant contends that plaintiff's complaint should be dismissed because plaintiff did not exhaust her administrative remedies and there is no final decision of the Commissioner for the Court to review. Defendant's motion is unopposed.[1]

---

[1] Plaintiff's failure to file a response to defendant's motion to dismiss indicates that she waived opposition to the motion. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion") (internal quotation marks omitted). *See also*, W.D. Mich. LCivR 7.2(c) ("Unless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days of service

1

**I.     Discussion**

Defendant brought this motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  Here, defendant has provided a factual basis to demonstrate that this Court lacks jurisdiction.

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part that:

> Any individual after any <u>final decision of the Commissioner made after  a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

"Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court" pursuant to § 405(g).  *Smith v. Berryhill*, -- U.S. --, 139 S. Ct. 1765, 1772 (2019).

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Id*.

---

of the motion, file a responsive brief and any supporting materials.").

> Section 405(g) "clearly limits judicial review to a particular type of agency action."

*Califano v. Sanders*, 430 U.S. 99, 108 (1977).

> Section 405(g), as noted above, provides for judicial review of "any final decision . . . made after a hearing." This provision, the Court has explained, contains two separate elements: first, a "jurisdictional" requirement that claims be presented to the agency, and second, a "waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted."

*Smith*, 139 S. Ct. at 1773 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (two elements are necessary to enable a federal district court to review decisions of the Commissioner pursuant to § 405(g): the Commissioner must issue a final decision and the claimant must exhaust his administrative remedies).

Seeking review from the Appeals Council is the last administrative step which a claimant must undertake prior to seeking federal court review. *See Smith*, 139 S. Ct. at 1772. The regulations provide that:

> The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.

20 C.F.R. 404.981 ("Effect of Appeals Council's decision or denial of review"). Thus, Appeals Council action is "the final stage of review" in rendering a "final decision." *Id*. at 1774. *See* 20 C.F.R. § 404.972 ("The dismissal of a request for Appeals Council review is binding and not subject to further review").

Here, the ALJ advised plaintiff that she needed to request a review from the Appeals Council prior to filing this federal action. *See* Notice of Decision – Unfavorable (May 9, 2019)

3

(ECF No. 6-2, PageID.28-30) (advising plaintiff that she "must file your written appeal within 60 days of the date you get this notice").  Social Security Official Dexter Potts[2] indicated that the agency had no record of plaintiff filing a request for review to the Appeals Council.  *See* Potts Decl. (ECF No. 6-1).  Plaintiff has submitted nothing to indicate that she filed such a request.  Because plaintiff did not present her claim for the final stage of review at the Appeals Council, there is no "final decision" for this Court to review pursuant to § 405(g).  *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.972 and 404.981; *Smith*, 139 S. Ct. at 1772-73.  Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

## II.    Recommendation

For these reasons, I respectfully recommend that defendant's motion (ECF No.6) be **GRANTED** and that this action be **DISMISSED**.


Dated:  April 10, 2020                    /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] Mr. Potts stated that he is the Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration (ECF No. 6-1, PageID.24).